UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

RUBEN VIVAS RUIZ,

    Plaintiff,

v.

JOSHUA M. AMBUSH, et. al.,

    Defendants.

Civil No. 12-2046 (JAF)

**OPINION AND ORDER**

We are asked to determine the validity of service of process in a breach-of-contract action.

**I.**

**Background**

On December 26, 2012, the plaintiff, a former law client of the defendant, filed his complaint for the recovery of attorney's fees. (Docket No. 1.) We granted the plaintiff's motion for an extension of time to serve process, with service required on June 6, 2013. (Docket No. 5.) The plaintiff finally served the defendants on June 18, 2013. (Docket No. 7.) On June 26, 2013, the defendant moved to dismiss the complaint under Rule 12(b)(5), asserting insufficient service of process because delivery was not accomplished within 120 days after commencement. Even so, dismissal is not warranted as the defendant claims.

## II.

## Legal Standard

### A. Motion to Dismiss Standard

Federal Rule of Civil Procedure 4(m) gives a plaintiff 120 days to accomplish service following the filing of the complaint. If a defendant is not served within 120 days, Rule 4(m) requires that the court dismiss the action without prejudice or order that service be made within a specified time. Fed.R.Civ.P. 4(m).

Additionally, Fed.R.Civ.P. 12(b)(5) provides for dismissal of a complaint due to insufficiency of service. A party filing a motion under Rule 12(b)(5) "is essentially contesting the manner in which process of service was performed." Ramirez de Arellano v. Colloides Naturels Int'l, 236 F.R.D. 83, 85 (D.P.R.2006); see also Molinelli–Freytes v. Univ. of P.R., 727 F.Supp.2d 60 (D.P.R.2010). Specifically, "[a] Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2010). The party raising the insufficiency of service bears the burden of specifically establishing how plaintiff failed to satisfy the requirements of service. Ramirez de Arellano, 236 F.R.D. at 85.

It is well known that the dismissal of the action under Fed.R.Civ.P. 12(b)(5) is inappropriate when there is a reasonably conceivable means through which service may be obtained and jurisdiction acquired over the defendant and where defective service does not prejudice the defendant. See, e.g., Benjamin v. Grosnick, 999 F.2d 590, 592 (1st Cir. 1993). Generally, if the first service of process is ineffective, and the defects are curable, we treat a motion to dismiss as a motion to quash service of process in the alternative, and retain the case pending effective service. Ramirez de Arellano, 236 F.R.D. at 85 n. 4.

However, district courts possess broad discretion to dismiss the action, or retain the case and quash the service made on the defendant. Id.

### III.

### **Discussion**

First and foremost, dismissal is inappropriate because service finally occurred. (Docket No. 6.) Moreover, a district court is not required to dismiss a defendant when service is not made within the 120–day deadline—especially when defendant admits in his motion to dismiss that he has been served. See Fed.R.Civ.P. 4(m); see also Crispin-Taveras v. Municipality of Carolina, 647 F.3d 1, 7 (1st Cir. 2011); Henderson v. United States, 517 U.S. 654, 662 (1996) ("[I]n 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'") (quoting Advisory Committee's Notes on Fed.R.Civ.P. 4(m)); Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir.2007) (holding that district courts have discretion to grant extensions of the service period even in the absence of good cause and citing decisions from the Eleventh, Seventh, Tenth, and Third Circuits holding the same).

The parties have devoted significant time and resources to this matter, and dismissing the action without prejudice at this time would serve no purpose—especially in light of the fact that the plaintiff finally effected service. And, neither party would be prejudiced by permitting this action to continue—in fact, just the opposite is true. As a result, the defendants' motion to dismiss is denied.

## IV.

## **Conclusion**

For the foregoing reasons, Defendants' motion to dismiss, (Docket No. 6), is **DENIED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 30th day of August, 2013.

                                                S/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                U. S. DISTRICT JUDGE